IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| DANIEL CARDONA LERMA, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:15-CV-0189 |
| | § | |
| WILLIAM STEPHENS, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**REPORT AND RECOMMENDATION**
**TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS**

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner DANIEL CARDONA LERMA. By his habeas application, petitioner challenges his April 13, 1999 conviction out of the 64th Judicial District Court of Swisher County, Texas, for the offense of aggravated sexual assault of a child, and the 50-year sentence assessed for that conviction. *State v. Lerma*, No. A3193-9901.

I.
BACKGROUND

On January 20, 1999, an indictment was issued alleging petitioner:

[O]n or about the 15th day of July, A.D. 1994 . . . did then and there intentionally or knowingly cause the penetration of the female sexual organ of [A.P.], a child who was then and there younger than 14 years of age and not the spouse of the defendant, by the [petitioner's] sexual organ.

Petitioner pled guilty to the charged offense and, on April 13, 1999, pursuant to a plea bargain agreement, was sentenced to fifty (50) years imprisonment and fined $5,000. Petitioner did not directly appeal his conviction.

## II.
## PETITIONER'S ALLEGATIONS

Petitioner contends he is being held in violation of the Constitution and laws of the United States for the following reasons:

1. Petitioner's confession was coerced;

2. Petitioner was denied effective assistance of counsel; and

3. There was no evidence to support petitioner's guilty plea.

## III.
## TIME BAR

Although it appears petitioner's 1999 conviction "became final over one year" before the filing of his federal habeas petition, petitioner did not attempt to "explain why the one-year state of limitations contained in 28 U.S.C. § 2244(d) does not bar [his] petition" as instructed by Question 26 on page 9 of the form habeas corpus petition. On June 30, 2015, petitioner acknowledged he "missed Question (26)" and, in response, submitted a copy of his state habeas application submitted to the Texas Court of Criminal Appeals on January 16, 2015.

On August 24, 2015, respondent filed a preliminary response to petitioner's federal habeas application asserting the application should be dismissed as time barred. In his answer, respondent fully and accurately briefed statutory and case law regarding the statute of limitations in federal habeas corpus cases, as well as the application of equitable tolling of the limitation period in federal habeas corpus proceedings. Respondent also fully and accurately set forth relevant dates in

this case, and analyzed the timeliness of petitioner's habeas application. Petitioner has not filed a reply to respondent's preliminary response.

The undersigned makes the following findings:

1.  Petitioner's conviction became final on May 13, 1999, when his time to file an appeal of his conviction and sentence expired.

2.  Petitioner's federal habeas corpus petition was thus due on or before May 15, 2000,[1] unless statutorily or equitably tolled.

3.  Petitioner's first state habeas application, filed August 29, 2012 and denied without written order on December 19, 2012, was filed after the expiration of the limitation period and did not statutorily toll the statute of limitations.

4.  Similarly, petitioner's second, third and fifth state habeas petitions filed September 8, 2013, October 21, 2013, and January 10, 2015, respectively, and dismissed as successive on December 11, 2013, January 29, 2014, and August 25, 2015, respectively, did not statutorily toll the statute of limitations. Likewise, petitioner's fourth state habeas petition filed May 26, 2014 and dismissed as non-compliant on August 20, 2014, did not statutorily toll the statute of limitations.

5.  Petitioner's claims do not concern a constitutional right recognized by the United States Supreme Court within the last year and made retroactive to cases on collateral review.

6.  The record does not reflect any unconstitutional "State action" impeded petitioner from filing for federal habeas corpus relief prior to the end of the limitation period.

7.  Petitioner's claims are not of such a nature that petitioner was unable to exercise due diligence and discover the claims at an earlier date.

8.  Petitioner's federal habeas corpus application, treated as filed on May 12, 2015 when it was placed in the prison mailing system, was filed after the expiration of the statute of limitations and is time barred.

9.  Although petitioner asserts the allegation in the indictment was "all a lie," that petitioner is "an innocent man," and that petitioner "was in different

---

[1] The expiration of the 1-year period, May 13, 2000, fell on a Saturday, Therefore, the filing date was automatically extended to the following Monday, May 15, 2000. *See* Fed. R. Civ. Proc. 6(a)(1)(C).

    places when this occurred" and that his exhibits prove such, petitioner has failed to demonstrate actual innocence as a means by which to avoid the time bar. While petitioner has attached a gas credit card with a billing name of "Daniel A Lerma" in El Paso, Texas which reflects a charge on July 15, 1994 in El Paso, Texas, to card no. 804, petitioner has not conclusively demonstrated this exhibit alone proves he is actually innocent of committing the sexual assault offense in Swisher County, Texas on or about July 15, 1994.

Therefore, for the reasons set forth by respondent, it is the opinion of the undersigned United States Magistrate Judge that petitioner's application for a writ of habeas corpus be DENIED.

## IV.
## RECOMMENDATION

For the reasons set forth in respondent's Preliminary Response filed August 24, 2015 [Document #9], it is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the petition for a writ of habeas corpus filed by petitioner DANIEL CARDONA LERMA be DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of this Report and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this   6th   day of October 2015.

                                                */s/ Clinton E. Averitte*
                                        CLINTON E. AVERITTE
                                        UNITED STATES MAGISTRATE JUDGE

## *  <u>NOTICE OF RIGHT TO OBJECT</u>  *

Any party may object to these proposed findings, conclusions and recommendation.  In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line.  Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E).  **Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed** as indicated by the "entered" date.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).